OPINION
Defendant-appellant, Donald L. Cain, appeals the decision of the Franklin County Court of Common Pleas to impose a maximum sentence of imprisonment upon his conviction of involuntary manslaughter.
Appellant was indicted on three counts of involuntary manslaughter, two counts of child endangering, and one count of felonious assault in the death of Kristin Keaton, a three-year-old child. Appellant pled guilty to one count of involuntary manslaughter. Appellee dismissed the remaining counts of the indictment.
The trial court entered a judgment of conviction and sentenced appellant to five years imprisonment. After the trial court imposed its sentence, appellee mentioned that the victim's family wanted to speak. The trial court stated that it "didn't realize the victims wanted to make a statement" and allowed the family to present statements. After the family members presented their statements, appellee asked that the trial court impose the maximum authorized prison sentence. The trial court imposed the maximum authorized prison sentence of ten years. Upon sentencing appellant to ten years imprisonment, rather than five years, the trial court stated:
 * * * It was simply my error and my communication with [appellee], that's all it was, so consider it no more. We did talk about this beforehand, and we did, in fact, agree on 10 years, 152 days jail-time credit. * * *
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE OF IMPRISONMENT IN VIOLATION OF R.C. 2929.14(C).
As noted above, when imposing the maximum authorized sentence on appellant, the trial court mentioned that it "did, in fact, agree on 10 years" imprisonment. Appellant argues that this matter should be reversed and remanded for re-sentencing so that the trial court may elaborate on its reference to an "agreement." We disagree.
When the trial court referred to an "agreement," appellant's trial counsel raised no objection. An appellate court will not consider errors raised for the first time on appeal unless the error results in manifest injustice or has adversely affected the outcome of the proceedings below. State v. Long
(1978), 53 Ohio St.2d 91, 94. In this case, the record does not establish that the trial court's decision to impose the maximum authorized prison sentence would have been different absent its references to an "agreement." Furthermore, the record does not establish that appellant suffered manifest injustice.
As noted above, the trial court ultimately decided to impose the maximum authorized prison sentence. A trial court has discretion to impose the maximum authorized prison sentence on an offender if it finds that the offender committed the worst form of the offense. R.C. 2929.14(C). The "worst form" inquiry requires an analysis of the "particular facts of the case to determine whether the offender's conduct constitutes one of the worst forms
of the offense." State v. Fitzmorris (Dec. 1, 1998), Franklin App. No. 98AP-340, unreported (1998 Opinions 5316, 5319). [Emphasis added.]
In this case, the trial court found that appellant committed the worst form of the offense. According to the trial court, it could not conceive of a more serious offense. Therefore, we conclude that the trial court made the requisite findings under R.C. 2929.14(C) when deciding to impose the maximum authorized prison sentence on appellant.
When a trial court imposes the maximum authorized prison sentence on an offender for a single offense, it must set forth its reasons for imposing such a sentence. R.C. 2929.19(B)(2)(d);State v. Edmonson (1999), 86 Ohio St.3d 324, 328. At a minimum, the record must reflect the trial court's reasons. Edmonson, at 329.
In this case, the trial court noted that appellant committed the offense by physically abusing a three-year-old child. The trial court recognized that the victim suffered a series of traumatic blows to her body prior to her death and acknowledged that the victim's physical injuries were exacerbated by her young age. As well, the trial court recognized that appellant was the boyfriend of the victim's mother and was living in the victim's home during the time he committed the offense. Thus, the trial court found that appellant took advantage of his relationship with the victim when committing the offense. Accordingly, we conclude that the trial court properly explained its reasons for finding that appellant committed the worst form of the offense.
In summary, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS, P.J., and BRYANT, J., concur.